FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 8 2005

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK


IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

VERNON L. HEWING
ADC # 128381                                                                    PLAINTIFF

V.                             5:05CV00088 WRW/HDY

LARRY NORRIS, Director, Arkansas Department of Correction;
RAY HOBBS, Assistant Director, Arkansas Department of
Correction; TIFFANYE COMPTON, Grievance Coordinator,
Arkansas Department of Correction; RICK TONEY, Warden,
Varner Unit, Arkansas Department of Correction;
MIKE LOWE, Major, Varner Unit, Arkansas Department
of Correction; B.HOLLIMAN, ARO, Varner Unit,
Arkansas Department of Correction; CONNIE HUBBARD,
ARN, Varner Unit Infirmary, Arkansas Department of Correction         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

Plaintiff, a prisoner at the Wrightsville Unit of the Arkansas Department of Correction, filed a *pro se* Complaint (docket entry #2) pursuant to 42 U.S.C. § 1983, alleging that he lost his thumb while installing a fence as a responsibility of his prison job. Based on the information provided, the Court recommends that Plaintiff's claims against Defendants Norris, Hobbs, Compton, Toney, and Holliman be dismissed, for failure to state a cognizable claim. Plaintiff should file an Amended Complaint clarifying the nature of his allegations against Defendants Lowe and Hubbard, as well as any additional Defendants Plaintiff seeks to name.

### I. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, a plaintiff's complaint still must contain allegations sufficient to state a claim as a matter of law and must not contain only conclusory allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Plaintiff's Claims

Plaintiff contends that he was instructed by Sgt. Cartwright, who is not named as a Defendant in the caption of this action, to remove the top rail of a fence. "At this instance," writes Plaintiff, "the pressure on the top rail flew up and pinned Plaintiff's thumb in the cup that holds the end of the top rail" and his thumb was amputated as a result. He charges that neither "the ADC nor Sgt. Cartwright" warned him of the dangers of the fence, that he was not provided with appropriate safety gear, that he was not provided "proper and immediate medical care" for his injuries, and that his grievances filed after the injury were denied.

In this case, Plaintiff has simply failed to allege cognizable claims against the party Defendants he has sought to hold liable. Upon review of the Eighth Circuit's decisions in similar cases challenging prison work conditions, Plaintiff has not stated a claim as to the Defendants he has

2

named. In *Choate v. Lockhart*, 7 F. 3d 1370 (8th Cir. 1993), the Court of Appeals wrote that:

> In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court acknowledged that conditions of a prisoner's confinement can give rise to Eighth Amendment violations. Prison work assignments are conditions of confinement subject to scrutiny under the Eighth Amendment. *See, e.g., Bibbs v. Armontrout*, 943 F.2d 26, 27 (8th Cir.1991), *cert. denied*, 502 U.S. 1110, 112 S.Ct. 1212, 117 L.Ed.2d 450 (1992). To prevail on an Eighth Amendment claim, an inmate must prove both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, ----, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). In cases challenging prison conditions, the state of mind giving rise to liability is deliberate indifference. Id. at ----, 111 S.Ct. at 2327.
>
> Precisely what constitutes deliberate indifference on the part of prison officials has been the subject of some debate. It is at least clear that mere negligence or inadvertence is insufficient to satisfy this standard. *Wilson*, 501 U.S. at ----, 111 S.Ct. at 2328; *see Estelle*, 429 U.S. at 105, 97 S.Ct. at 291. Indeed, deliberate indifference requires the "unnecessary and wanton infliction of pain." *Givens v. Jones*, 900 F.2d 1229, 1232 (8th Cir.1990). In the work assignment context, prison officials are deliberately indifferent when they " 'knowingly ... compel convicts to perform physical labor . . . which is beyond their strength, or which constitutes a danger to their . . . health, or which is unduly painful.' " *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir.1977) *(per curiam)* *(quoting Talley v. Stephens*, 247 F.Supp. 683, 687 (E.D.Ark.1965)), cited in *Johnson v. Clinton*, 763 F.2d 326, 328 (8th Cir.1985). Thus, whatever its exact contours, deliberate indifference requires a highly culpable state of mind approaching actual intent

*Choate v. Lockhart*, 7 F.3d 1370, 1373-1374 (8th Cir.1993)

As to Defendants Director Norris, Grievance Coordinator Compton and Administrative Regulations Officer Holliman, Plaintiff states that he disagrees with their investigation of and responses to Plaintiff's grievance. However, it is well-settled that a prisoner has no constitutional right to an intra-prison grievance system and that the failure to investigate or respond to a prisoner's grievances is not actionable under 42 U.S.C. § 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(finding no constitutional right violated by failure to process grievances). *See also Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

3

Disagreement with the prison officials' decision in the grievance process does not amount to liability under section 1983, and for this reason Plaintiff's claims against Defendants Norris, Compton, and Holliman should be dismissed.

As to Plaintiff's claims against Assistant Director Hobbs and Warden Toney, Plaintiff alleges that "because [Hobbs] works under Larry Norris, [he] is responsible for over seeing that things are run right" at the Unit and that Defendant Toney "is supposed to make sure all rules and regulations are to be met by staff and inmates alike, that all safety measures are in place." Both of these claims amount to claims based solely on *respondeat superior*. Because Plaintiff alleges no facts showing that Defendants had actual knowledge of or committed acts that caused him injury, the doctrine of *respondeat superior* remains the only possible basis for a supporting claim against them. It is black letter law that the doctrine of *respondeat superior* does not apply in actions brought pursuant to section 1983 and that, absent certain narrow circumstances, a defendant may be held liable under that statute only for his own personal misconduct. *Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978); *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997) (holding that a supervisor can be liable under section 1983 only if he directly participated in the constitutional violation or if his failure to train or supervise caused the deprivation).

As to Defendant Lowe, it is not clear whether Plaintiff intended to list him as a Defendant or simply a witness. He states in his Complaint that he "should be brought to court to testify," then adds a "prayer" that he "be included in this civil complaint." Assuming for the sake of argument that Plaintiff intended to name him as a Defendant, he has failed to state a cause of action against him. The allegations as presented fall "far short of creating a genuine issue of deliberate indifference to a serious issue of work place safety," as expressed in *Choate, supra*, citing *Warren v. Missouri*, 995

4

F. 2d 130 (8th Cir. 1993). Defendant Lowe appears to have been named solely on the basis of *respondeat superior* liability, "because he is over all work assignments outside the compound [and it is] the field major's dut[y] to make sure that all inmates' safety is [guarded and] safety measures are to be met and so to prevent accidents to staff or inmates alike." Not only has Plaintiff charged Defendant Lowe with an unreasonable burden, to prevent all accidents anywhere in the Unit, he has failed to state in any way how Defendant Lowe was personally responsible for Plaintiff's own particular accident. Therefore, Plaintiff must file an Amended Complaint that explains what, specifically, Defendant Lowe is alleged to have done or not done to personally cause Plaintiff's injury.

As to Plaintiff's claims against Defendant Hubbard, it is simply not clear from the Complaint whether Defendant Hubbard is the "infirmary manager" described in the body of the Complaint. Plaintiff must clarify who he means to name as a Defendant and state more plainly, with facts, dates, times, and places what specifically he believes that Defendant Hubbard failed to do in the provision of medical care for his injury. As to Sgt. Cartwright, Plaintiff should clarify whether he intended to name him as a Defendant in this action, and state precisely the nature of his claims against him as to how he may be responsible for Plaintiff's injury.

IT IS THEREFORE RECOMMENDED that:

1) Plaintiff's claims against Defendants Norris, Hobbs, Compton, Toney, and Holliman be DISMISSED WITH PREJUDICE, for failure to state a cognizable claim;

2) Plaintiff must file, within thirty (30) days of the entry date of this Order, an Amended Complaint that sets forth the specifically requested information concerning the nature of his claims against Defendants Lowe and Hubbard, as well as specific information about the alleged actions on

5

the part of any additional Defendants that Plaintiff seeks to name;

3) The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 28 day of April, 2005.

_____
UNITED STATES MAGISTRATE JUDGE